## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

WILLIAM T. FLOYD,                    )
                                     )
            Petitioner,            )        Case No. CV 05-345-N-LMB
                                     )
v.                                   )        **MEMORANDUM DECISION**
                                     )        **AND ORDER**
JO ANNE B. BARNHART,                 )
COMMISSIONER, SOCIAL SECURITY        )
ADMINISTRATION,                      )
                                     )
            Respondent.            )
_____)

      Currently pending before the Court is William T. Floyd's Petition for Review (Docket

No. 1) seeking review of the final decision of Respondent denying his claim for Supplemental

Social Security Income benefits under Title XVI of the Social Security Act.  The action is

brought pursuant to 42 U.S.C. § 405(g).

      Having carefully reviewed the record and being otherwise fully advised, the Court enters

the following Memorandum Decision and Order.

## I.

## ADMINISTRATIVE PROCEEDINGS

      William T. Floyd ("Petitioner") applied for disability insurance benefits under Title II of

the Social Security Act on October 29, 1998, alleging a disability that began June 1, 1993, and

continued through October 14, 1998 ("the period under consideration") resulting from

emphysema and bronchitis.  (AR 15, 213).  Petitioner's application was denied initially and

again after reconsideration, after which Petitioner filed an untimely request for a hearing before

an Administrative Law Judge.  (AR 15).  ALJ Catherine Lazuran found good cause for the late filing, and a hearing was held on July 18, 2000, where the Petitioner appeared and testified *pro se*. *Id*.  Vocational expert Malcolm Brodzinsky, M.A., also appeared and testified at the hearing. *Id*.

On October 26, 2000, the ALJ denied Petitioner's claim on the ground that prior to and as of Petitioner's date last insured, he did not have a severe impairment or impairments that affected his ability to perform basic work-related functions and was therefore not disabled under the Social Security Act and Regulations.  (AR 19).

The Appeals Council denied review on December 14, 2001, making the AJL's decision the final decision of the Commissioner of Social Security.  (AR 5–6).

Petitioner appealed to the United States District Court for the Northern District of California to reverse the decision of the Commissioner or to remand for further consideration. (AR 215).  Petitioner also filed a motion to supplement the administrative record with a June 5, 2002, Department of Veterans Affairs ("VA") disability ratings decision that awarded Petitioner disability based on post-traumatic stress disorder ("PTSD").  (AR 252).  The California District Court admitted the VA decision and remanded the case back to the Social Security Administration ("SSA") in order to develop a more comprehensive record.  (AR 254).

On April 29, 2005, ALJ Catherine R. Lazuran, after the development of a more comprehensive record, upheld her prior decision to deny Petitioner disability benefits under the Social Security Act.  (AR 202).

Having exhausted his administrative remedies, Petitioner timely filed the instant action. *Petition for Review* (Docket No. 1).  Petitioner requests that the ALJ's decision be reversed or, in

the alternative, that this matter be remanded in order to allow the ALJ an opportunity to further evaluate the evidence. *Id.* at p. 2.

## II.

## BACKGROUND

At the time of the hearing before the ALJ, Petitioner was fifty-two years of age with thirteen years of education and work experience as a coal miner, distribution person, and building maintenance worker. (AR 16). In denying Petitioner's application, the ALJ concluded that he had not met his burden of proving that he had any medically-determinable severe impairment during the period under consideration. (AR 209–10).

## III.

## STANDARD OF REVIEW

It is undisputed that the burden of proof rests upon the Petitioner to establish entitlement to disability benefits. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). In evaluating the evidence at an administrative hearing, the ALJ must follow a five-part sequential process. 20 C.F.R. §§ 404.1520, 416.920 (2005). The second part of that process involves a determination regarding whether the claimant has a "severe impairment." 20 C.F.R. § 416.905(a) (2006). If no "severe impairment" is found, the claimant will be found not to be disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c).

If the Commissioner's decision is supported by substantial evidence and based upon proper legal standards then it will be upheld. 42 U.S.C. § 405(g) (2000); *Matney ex rel. Matney v. Sullivan*, 921 F.2d 1016, 1019 (9th Cir. 1992); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990). Findings of fact by the ALJ are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g); *Vidal v. Harris*, 637 F.2d 710, 712 (9th Cir. 1981). In other words, if there is

**MEMORANDUM DECISION AND ORDER  -3-**

substantial evidence to support the ALJ's factual determinations, they must be upheld, even in the face of conflicting evidence. *Hall v. Sec'y of Health, Educ. & Welfare*, 602 F.2d 1372, 1374 (9th Cir. 1979).

Substantial evidence is defined as such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). This standard requires "more than a scintilla," but "less than a preponderance," *Young v. Sullivan*, 911 F.2d 180, 183 (9th Cir. 1990), and "does not mean a large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

With respect to questions of fact, the role of the Court is to review the record as a whole to determine whether it contains evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *See Richardson*, 402 U.S. at 401; *Matney*, 981 F.2d at 1019. The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984), resolving ambiguities, *see Vincent ex. rel. Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir. 1984), and drawing inferences logically flowing from the evidence, *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). When the evidence is susceptible to more than one rational interpretation in a disability proceeding, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ. *Flaten*, 44 F.3d at 1457; *Key v. Heckler*, 754 F.2d 1545, 1549 (9th Cir. 1985).

With respect to questions of law, the ALJ's decision must be based on proper legal standards and will only be reversed for legal error. *Matney*, 981 F.2d at 1019. The ALJ's construction of the Social Security Act is entitled to deference if it has a reasonable basis in law.

**MEMORANDUM DECISION AND ORDER  -4-**

*See id.*  However, reviewing courts "will not rubber-stamp an administrative decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute."  *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987).  Reviewing courts must bear in mind that the Social Security Act is remedial and should be construed liberally and "not so as to withhold benefits in marginal case."  *Id*. at 1095 (citations omitted).

The issues presented in the instant appeal are (1) whether Petitioner's due process rights were violated (A) by the procedure used in hearing medical testimony in the first hearing before the ALJ or (B) by the ALJ's decision not to recuse herself despite her allegedly having showed actual bias in the second hearing; (2) whether the ALJ is estopped from considering PTSD because a determination had already been made by the VA; and (3) whether the Appeals Council's finding that Petitioner was not disabled is supported by substantial evidence and based on proper legal standards.  *Petition for Judicial Review*, pp. 13–19 (Docket No. 11).

## IV.

## DISCUSSION

When evaluating evidence presented at an administrative hearing, the ALJ must follow a sequential process in determining whether a person is disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520, 416.920.

## A.      **Sequential Process**

The first step requires the ALJ to determine whether the claimant is engaged in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(i).  If the answer is in the affirmative, disability benefits are denied.  20 C.F.R. § 404.1520(b).  In the instant action, the ALJ concluded that Petitioner has not performed substantial gainful activity since June 1, 1993.  (AR 16).

The second step requires the ALJ to determine whether the claimant has a medically-severe impairment or combination of impairments.  20 C.F.R. § 404.1520(a)(4)(ii).  If the answer is in the negative, disability benefits are denied.  20 C.F.R. § 404.1520(c).  In June 1998, the ALJ found that Petitioner has a history of mild airway obstruction.  (AR 20).  However, the ALJ concluded that prior to and as of Petitioner's date last insured, he did not have a severe impairment or impairments that affected his ability to perform basic work-related functions and is therefore not under a disability as defined in the Social Security Act.  (AR 19–20).

If it had been determined that a claimant had a severe impairment at the second step, in the third step, the ALJ must determine whether the claimant's impairments meet or equal a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. § 404.1520(a)(4)(iii).  If the answer is in the affirmative, the claimant is disabled and benefits are awarded.  20 C.F.R. § 404.1520(d).  In the instant action, the ALJ did not reach step three because she concluded, at step two, that Petitioner did not have a severe impairment or combination of impairments.

The fourth step of the evaluation process requires the ALJ to determine whether the claimant's residual functional capacity is sufficient for the claimant to perform past relevant work.  20 C.F.R. § 404.1520(a)(4)(iv).  In this respect, as with the third step, the ALJ did not address the fourth step.

In the fifth and final step, if it had been established that a claimant, having a severe impairment, can no longer perform past relevant work because of impairments, the burden would then shift to the Commissioner to show that the claimant retains the ability to do alternate work and to demonstrate that such alternate work exists in significant numbers in the national economy.  20 C.F.R. § 404.1520(a)(4)(v), 404.1520(f); *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993).  In this respect, again, the ALJ did not reach the fifth step, nor did she need to.

**MEMORANDUM DECISION AND ORDER  -6-**

In light of the ALJ's determination in the second step, Petitioner was found not to be disabled as defined in the Social Security Act.  (AR 19–20).

## B.    <u>Analysis</u>

Petitioner challenges the Commissioner's final determination on several grounds.  First, Petitioner claims that his constitutional due process rights were violated by the ALJ's decisions (A) to allow the appearance of medical experts by telephone, rather than in person or by video-conference and (B) not to recuse herself from the second appeal.  *Petition for Judicial Review*, p. 12 (Docket No. 11).  Second, Petitioner claims that the findings of the ALJ are improper because the ALJ was allegedly precluded from making a finding concerning Petitioner's PTSD contrary to a finding already made by another administrative agency.  *Id*. at pp. 12–13.  Third, Petitioner argues that the ALJ's determination that Petitioner did not qualify for disability benefits, in light of his alleged PTSD, is not supported by substantial evidence.[1]  *Id*. at pp. 13–15.

### 1.    <u>Due Process Violations</u>

Challenging the decision of the ALJ on two separate due process grounds, Petitioner claims that the final disability decision cannot stand because, at the hearings, the medical experts' testimony was delivered via telephone, which, allegedly, is not authorized under the SSA's own regulations and is a *per se* violation of Petitioner's due process rights.  *Petition for Judicial Review*, pp. 13–15 (Docket No. 11).  Petitioner further complains of bias on the part of the ALJ, which, because the ALJ did not recuse herself, is allegedly a due process violation.  *Id*.

---

[1]With regard to Petitioner's claims of disability, the original claims of emphysema and bronchitis are not at issue; thus, the Court will address only Petitioner's claim of PTSD.

### a.   **Telephonic Hearings**

Throughout the first and second hearings, over which the ALJ presided, several experts testified by telephone, including Dr. Paul Groden (AR 497), and Dr. David Anderson (AR 586). The nature of the testimony was a standard examination normally conducted in a social security hearing, with the only contentious detail being that the witnesses appeared via telephone as opposed to in person or by video-phone. *Brief in Support of Petition for Judicial Review*, p. 8 (Docket No. 12).

20 C.F.R. § 404.950(e) provides that "[w]itnesses may appear at a hearing in person or, when the conditions in § 404.936(c) exist, by video teleconferencing."  Respondent contends that, while the use of telephonic hearings are not explicitly permitted in the regulation, the permissive language of the regulation is interpreted by the Commissioner to allow for flexibility on the part of the ALJ to take testimony through other means such as by telephone or interrogatory. *Response Brief*, p. 7 (Docket No. 14).

When this Court reviews an agency's construction of a regulation that it administers, a two-step test is applied. *Chevron v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842 (1984). First, "is the question whether Congress has directly spoken to the precise question at issue . . . [and i]f the intent of Congress is clear, . . . [the Court] must give effect to the unambiguously expressed intent of Congress." *Id.* at 843–44.  Second, where Congress is silent on the issue, the Court must determine if the agency's determination is in line with the regulation in question. *See id.*

Congress has not directly spoken to the precise issue of how an expert is to appear at a social security disability hearing or whether telephonic hearings are permissible.  However, in this particular case, the *intent* of Congress is explicitly clear: The procedure for hearings is to be

set by the Social Security Administration.  42 U.S.C. § 405(a).[2]  Nonetheless, given that

Congress has not directly spoken to the precise issue at hand, the Court must determine whether

the ALJ's allowance of receiving expert testimony by telephone is in line with § 404.950(e).

Section 404.950(e) is in place to allow for the appearance of witnesses, and, if personal

appearance is neither available nor practical, to allow for another reasonable method by which

the witness may testify.  In this case, the ALJ's allowance for telephonic testimony accords with

the purpose and intent of § 404.950(e) and is therefore in line with the SSA regulation.  Thus, the

SSA's interpretation of the regulation to allow for telephonic hearings is permitted, and the

testimony should not be excluded for that reason.

Even if the allowance of telephonic witnesses was not in line with the regulation, the

ALJ's use thereof does not necessarily give rise to a violation of Petitioner's due process rights.

*United States v. Caceres*, 440 U.S. 741, 751–52 (1979).  The goal of due process is "to see to it

that Congress does not subject the people to an uncontrolled official discretion."  *Tietjen v. U.S.

Veteran's Admin.*, 692 F. Supp. 1106, 1111 (D. Ariz. 1988) (citations omitted).

The facts of this case show that Petitioner was not submitted to a system of uncontrolled

discretion.  Petitioner was given medical examinations, was able to present evidence that was

contrary to the SSA's evidence, was given additional time to find more medical records, had a

right to be represented by counsel, and had two different reviews.  (AR 15–19).  After evaluating

---

[2]42 U.S.C. § 405(a) states as follows:

*Rules and regulations*.  The Commissioner shall have full power and authority to make rules and regulations and to establish procedures, not inconsistent with the provisions of this title, which are necessary or appropriate to carry out such provisions, and shall adopt reasonable and proper rules and regulations to regulate and provide for the nature and extent of the proofs and evidence and the method of taking and furnishing the same in order to establish the right to benefits hereunder.

**MEMORANDUM DECISION AND ORDER  -9-**

the medical evidence, the ALJ determined that, during the period under consideration, Petitioner

was not disabled under 20 C.F.R. § 404.1520(c).  (AR 19).  The SSA must always act, as it did

here, in accordance with the general principles of due process.  In light of the facts, a telephonic

hearing does not, by itself, provide a basis for a due process claim, and the ALJ's decision will

not be reversed on those grounds.

> **b.**    **Recusal**

In addition to challenging the telephone appearances on due process grounds, Petitioner

alleges another due process violation, stating that the ALJ should have recused herself from the

second appeal of the Commissioner's decision because she showed and acted on "actual bias" by

concluding that some evidence presented by Petitioner was "of questionable reliability," by

finding that "[Petitioner] is not very credible," and by determining that Petitioner was not

disabled during the period under consideration.  *Brief in Support of Petition for Judicial Review*,

pp. 15–16 (Docket No. 12).  Petitioner contends that this bias stems from the ALJ's finding in

the first appeal that Petitioner was not credible and that this finding was wrongfully carried over

to the second proceeding.  *Id.*

When making a claim of unconstitutional bias, the Court must presume honesty and

integrity on the part of the decision maker, which presumption the plaintiff must disprove.

*Withrow v. Larkin*, 421 U.S. 35, 47 (1975).  While judges have an affirmative duty to recuse

themselves when "a reasonable person with knowledge of all the facts would conclude that the

judge's impartiality might reasonably be questioned," *Yagman v. Republic Ins*., 987 F.2d 622,

626 (9th Cir. 1993) (quoting *In re Yagman*, 796 F.2d 1165, 1179 (9th Cir. 1986)), "opinions

formed by the judge on the basis of facts introduced or events occurring in the course of . . .

proceedings, do not constitute a basis for a bias or partiality motion unless they display a

deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994).  Only when the judge's attitude seems to have a suspect or invidious motive, such as, for example, racial bias or an interest in financial gain, will the slightest indication or appearance of bias be sufficient to disqualify.  *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980).

Here, there exists no reasonable grounds for questioning the ALJ's impartiality because of bias or prejudice.  Nothing in ALJ Lazuran's remarks indicate a bias that would disqualify her from hearing the appeal.  In fact, the procedural history of this case reveals that the ALJ has been rather indulgent of Petitioner, granting extensions of time and accepting a late-filed pleading.  (AR 15).  Most importantly, the record shows that her conclusions were based upon evidence presented to her during the course of proceedings, not on bias.  (AR 17–19).  Further, all of the ALJ's findings were supported by clear and convincing reasons.  For example, the ALJ supported her findings regarding credibility with evidence in the record, such as statements made by Petitioner, the appearance of signatures, as well as grammar and spelling patterns.  (AR 17–18).

While the ALJ's findings in the second administrative hearing were the same as those in the first hearing over which she presided, all of the findings in contention are supported by the record, and there is no indication or appearance of bias.  Accordingly, the determination of the ALJ will not be reversed on the ground of bias.

## 2.    Collateral Estoppel

On September 16, 2000, the VA determined that Petitioner did not have PTSD, assigning a 0% disability rating for PTSD.  (AR 214).  On June 5, 2002, the VA made a determination of 50% disability due to PTSD, noting an effective disability date of February 28, 2000.  (AR 320).

**MEMORANDUM DECISION AND ORDER  -11-**

On April 29, 2005, the ALJ found that Petitioner did not qualify for a Period of Disability or Disability Insurance Benefits under §§ 216(i), 223 of the Social Security Act despite the June 2002 VA PTSD rating.  (AR 214).  In concluding that the Petitioner did not have PTSD during the relevant time period, i.e., June 1, 1993, through October 14, 1998, the ALJ cited the June 2002 VA disability rating, noting specifically that it addressed a time after June 1993, the date that Petitioner was last insured for disability benefits.  (AR 209).

Petitioner argues that the ALJ's finding that Petitioner did not have PTSD during the period under consideration is contrary to a prior determination made by the VA.  *Brief in Support of Petition for Judicial Review*, pp. 16–17 (Docket No. 12).  Petitioner further contends that the ALJ is collaterally estopped from making a determination as to PTSD because the determination had already been made by the VA.  *Petition for Judicial Review*, p. 18 (Docket No. 11).  Put differently, Petitioner argues that because the VA made a determination of his having PTSD, the ALJ is precluded from determining anything to the contrary.  *See id.*

The doctrine of collateral estoppel has the "purpose of protecting litigants from the burden of relitigating an identical issue with the same party."  *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979) (citing *Blonder-Tongue Lab., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 328–29 (1971)).  Collateral estoppel is considered offensive when a plaintiff seeks to estop a defendant from relitigating issues that the defendant had previously litigated and lost against a plaintiff.  *Parklane Hosiery Co.*, 439 U.S. at 329.  Concerning the use of offensive collateral estoppel, such as we have here,[3] the Supreme Court has concluded that the trial courts have "broad discretion" to determine if preclusion should be applied.  *Id.* at 330.

---

[3] The Court is not dealing with a traditional "plaintiff v. defendant" structure, for the purpose of considering estoppel; however, Petitioner is considered to be the "plaintiff" in both the VA and SSA actions because he made claims to both the agencies, and because both agencies of the United States responded to the claim, the agencies will be collectively and liberally understood as the same "defendant."

Because Petitioner claims estoppel of an issue decided in his role as "plaintiff," the ALJ, as the finder of fact, had discretion as to whether or not to apply collateral estoppel to that particular issue.  Thus, the Court reviews Petitioner's preclusion claim only for abuse of discretion by the ALJ.

An abuse of discretion occurs when the determination of the fact finder is based on an "erroneous legal conclusion or a clearly erroneous finding of fact."  *See Or. Envtl. Council v. Kunzman*, 817 F.2d 484, 496 (9th Cir. 1987).  Petitioner contends that the ALJ made an erroneous finding of fact because "the [VA] decision unequivocally determines that the PTSD existed since the [Petitioner's] war service," prior to 1993.  *Petition for Judicial Review*, p. 19 (Docket No. 11).  This assertion, however, is not supported by the record before the Court. *Compare* (AR 473), *with* (AR 324).  The ALJ gave sound reasoning for rejecting the second VA disability rating, e.g., that the rating "regards a time frame outside the period at issue."  (AR 209).  In fact, because the ALJ is only concerned with the time period from June 1, 1993, through October, 14, 1998, the decision of the ALJ is not inconsistent with the determination of the VA, which concerned a later time period.

The use of preclusion in this action is discretionary, and the ALJ's decision regarding Petitioner's PTSD is persuasive, specific, valid, and clearly supported by the record.  The VA rating decision states explicitly that the determination of 50% disability due to PTSD is evaluated from February 28, 2000, after Petitioner's Social Security benefits ran.  (AR 320). The ALJ's conclusion was not based on an erroneous legal conclusion nor a clearly-erroneous finding of fact; therefore, the ALJ was not precluded from making a finding regarding Petitioner's PTSD.  Accordingly, the decision of the ALJ will not be reversed based on a theory of collateral estoppel.

**MEMORANDUM DECISION AND ORDER  -13-**

**3.**     <u>**Adequacy of the ALJ's PTSD Determination in Light of the Evidence**</u>

Petitioner argues that the ALJ's determination as to the non-existence of PTSD was in error because it failed to take into account Petitioner's alcohol use. The ALJ found that Petitioner did not have PTSD during the period under consideration as there was no evidence on record to support a contrary finding that Petitioner was disabled due to PTSD. (AR 209–14). Petitioner contends, however, that evidence in the record, specifically the testimony of Dr. David J. Anderson, M.D., and the second VA ratings report, showed that PTSD did in fact exist but was masked by Petitioner's alcohol use. *Brief in Support of Petition for Judicial Review*, pp. 19–21 (Docket No. 12). Accordingly, Petitioner argues that the PTSD existed and that his claim therefore meets or equals the requisite date needed in order to be eligible for social security benefits. *Id.* Specifically, Petitioner implies that since the ALJ did not expressly address the possible masking effects of the alcohol use in her opinion, it was not considered, and thus her determination was not based on substantial evidence. *See id.*

In the second hearing, when questioned about the possibility of Petitioner having PTSD during the period under consideration, Dr. Anderson testified that because the PTSD "emerged years later [than the period under consideration], [Petitioner] had the symptoms related to anxiety [but did] not [have] full-blown post-traumatic stress disorder, but certainly many symptoms that constellate [sic] a post-traumatic stress disorder and I just think intertwine with his alcoholism. He most likely had those [symptoms] in the time period [in question]." (AR 592). Dr. Anderson stated further that if the PTSD did exist during the period under consideration, the PTSD "was either heavily concealed by the alcoholism or other reasons that I'm not aware of." (AR 595). However, Dr. Anderson also noted that there was absolutely no

psychiatric evidence regarding the period of June 1993 through December 1993.  (AR 591).  In fact, concerning the psychiatric evidence, Dr. Anderson agreed with Dr. Koller's assessment, which indicated that from a psychiatric standpoint, that there was no psychiatric impairment, i.e., Dr. Koller "didn't see an evidence of any disorder, let alone a posttraumatic stress disorder." (AR 594).  Dr. Anderson concluded that Petitioner's alcohol use was "not very material to his disability" and that he had improved significantly with treatment.  (AR 589–90).

### a.    Consideration of the Alcohol Evidence

The ALJ has a responsibility to develop the record and interpret and consider the evidence.  *See Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003). "However, in interpreting the evidence and developing the record, the ALJ does not need to discuss every piece of evidence."  *Id.*; *see also Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir. 1984).

In her determination, the ALJ did not expressly address Petitioner's contention that his alcohol use masked detection of his alleged PTSD during the time he was insured.  (AR 209). However, it is apparent that the ALJ considered Petitioner's alcohol use in relation to his PTSD, even though she did not explicitly address, in writing, the possibility of alcohol use masking detection of the PTSD.  Specifically, the ALJ discussed Petitioner's alcohol dependence in the context of the VA finding of PTSD, stating that "[o]n December 13, 2000, Janelle R. Eckhardt, Ph.D., diagnosed [Petitioner] with PTSD, Alcohol dependence, and a FAF of 60."  (AR 209).  As such, the Court must conclude that the alcohol use was considered by the ALJ.  Therefore, the Court is left only to consider whether the ALJ's PTSD disability decision is based on substantial evidence supported by the record.

**MEMORANDUM DECISION AND ORDER  -15-**

**b.**     **Decision Based on Substantial Evidence Supported by the Record**

In order for the ALJ's disability determination to be upheld, the ALJ has the burden of showing that her decision is based on substantial evidence.  *See Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988).  "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."  *Id*. (*citing Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir.1986)).  In this regard, the ALJ apparently concluded that Petitioner had not met his burden of proof regarding his claim of disability due to PTSD, a conclusion that, to be upheld, must be based on substantial evidence and supported by the record.[4]  (AR 199–214).

Petitioner's only proof of PTSD during the time period under consideration is the June 2002 VA report.  (AR 214).  The report, as previously noted, was discounted by the ALJ because it does not address the time in question.  (AR 209).  Furthermore, the only potentially-material evidence on the record relating to the possibility that Petitioner's alcohol use masked the PTSD is Dr. Anderson's testimony.  (AR 589–607).  Also as previously discussed, Dr. Anderson's testimony regarding the possibility that Petitioner's alcohol use inhibited detection of PTSD was contradictory, at best, in light of his other statements.  (*See* AR 590–598).  Because the only evidence offered by Petitioner regarding his alleged PTSD was either irrelevant, speculative, or contradictory, the ALJ did not err in concluding that Petitioner had not met his burden of proof.  Accordingly, the decision of the ALJ was based on substantial evidence, i.e., the lack of supportive evidence for Petitioner's contentions, and was supported by the record.  Thus, the ALJ's disability determination shall be upheld.

---

[4] In any claim for disability, the initial burden of proof rests upon the claimant.  *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995).

**MEMORANDUM DECISION AND ORDER  -16-**

C.      <u>**Conclusion**</u>

The Court is fully aware that reasonable minds may differ in the interpretation and application of the facts presented in a disability proceeding, and the Court does not simply "rubber stamp" the ruling of the ALJ.  However, it is not the role of a reviewing court to act as a fact finder; that is the role of the ALJ.  *See Hall*, 602 F.2d at 1374.  If the evidence is susceptible to more than one rational interpretation, one of which is the ALJ's, the Court may not substitute its interpretation for that of the ALJ.  *Key*, 754 F.2d at 1549.  Bearing that in mind, after careful review of the record and being otherwise fully advised, the Court concludes that the findings of the ALJ were supported by substantial evidence and based on proper legal standards. Accordingly, the Court will not substitute its interpretation or judgment for that of the ALJ in reaching her decision, and the Commissioner's decision is upheld.

## V.

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that the decision of the Commissioner is AFFIRMED, and this action is DISMISSED in its entirety with prejudice.

DATED:  **August 10, 2006**.

Larry M. Boyle
United States District Court

**MEMORANDUM DECISION AND ORDER  -17-**